IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In the Matter of<br><br>The Complaint of NPK INC., as owner of the Motor Vessel <u>NA PALI KAI II</u>, O.N. 699443, for Exoneration from or Limitation of Liability. | CIVIL NO. 24-CV-00464 JAO-WRP (Admiralty)<br><br>**FINDINGS AND RECOMMENDATION TO GRANT LIMITATION PLAINTIFF NPK INC.'S MOTION FOR ORDER GRANTING EXONERATION FROM LIABILITY** |

**FINDINGS AND RECOMMENDATION TO GRANT LIMITATION PLAINTIFF NPK INC.'S MOTION FOR ORDER GRANTING <u>EXONERATION FROM LIABILITY</u>**

Limitation Plaintiff NPK INC.'s Motion for Order Granting Exoneration from Liability was filed on October 17, 2025 (Motion).  <u>See</u> Motion, ECF No. 37.

Having reviewed the Motion, the records and files herein, having fully considered the matter, and finding good cause therefore, the Court FINDS and RECOMMENDS that that the Motion be GRANTED, as follows:

On October 28, 2024, Limitation Plaintiff NPK INC. filed a Complaint For Exoneration From Or Limitation of Liability pursuant to 46 U.S.C. §§30501, et seq., regarding alleged injuries sustained by multiple passengers aboard M/V <u>NA PALI KAI II</u>, O.N. 699443, on a July 18, 2022 voyage (the Complaint).  <u>See</u> Complaint, ECF No. 1.

Claimant MARGARET GIBERT; Claimant AMANDA KLINK; Claimant JESSICA YURIDITSKY; and Claimant SUMMER STAIB (collectively, CLAIMANTS) timely filed claims in this action contending their claimed injuries and resulting damages were caused by the negligent acts and/or omissions of Limitation Plaintiff NPK INC.  See ECF Nos. 29, 30, 31, 32.

No other claimant timely filed a claim in this action.  Default against all non-appearing claimants was entered on July 2, 2025.  See Order Noting Defaults, ECF No. 34.

Limitation Plaintiff NPK INC. and CLAIMANTS have settled all claims in this action.  See Declaration of Normand R. Lezy, ECF No. 37-2 ¶ 9.  There are no remaining claims contesting Limitation Plaintiff NPK INC.'s right to exoneration from liability.  See id. ¶ 8.  The parties have agreed to submit a stipulation for dismissal with prejudice of all claims and parties.  See id. ¶ 10.  CLAIMANTS, through their counsel, do not oppose this Motion.  See id. ¶ 11.

In order to fully and properly conclude this limitation action and preclude any potential future claim against Limitation Plaintiff NPK INC., a final judgment granting exoneration, the remedy sought by the Complaint filed in this action, is required.  See In re Fun Zone Boat Co., Civ. No. 8:19-cv-00865-DOC-DFM, 2020 U.S. Dist. LEXIS 239932 (C.D. Cal. Dec. 17, 2020).

The Court FINDS that Limitation Plaintiff NPK INC. is entitled to judgment as a matter of law granting exoneration.  It is RECOMMENDED that the

Clerk of the Court enter final judgment in favor of Limitation Plaintiff NPK INC. in this action.[1]

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, November 3, 2025.



Wes Reber Porter
United States Magistrate Judge

---

**In the Matter of The Complaint of NPK INC., as owner of the Motor Vessel <u>NA PALI KAI II</u>, O.N. 699443, for Exoneration from or Limitation of Liability; Civil No. 1:24-cv-00464 JAO-WRP; FINDINGS AND RECOMMENDATION TO GRANT LIMITATION PLAINTIFF NPK INC.'S MOTION FOR ORDER GRANTING EXONERATION FROM LIABILITY.**

---

[1] Within fourteen days after a party is served with the Findings and Recommendation, pursuant to 28 U.S.C. § 636(b)(1), a party may file written objections in the United States District Court. A party must file any objections within the fourteen-day period to preserve appellate review of the Findings and Recommendation.